[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13361
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cv-61682-RNS

DERRICK JOHN WALLACE,

Plaintiff-Appellant,

versus

SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES,
ATTORNEY GENERAL OF THE UNITED STATES, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 22, 2015)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Derrick John Wallace appeals the district court's dismissal of his civil complaint, alleging violations of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 703 and 706, the Mandamus Act, 28 U.S.C. § 1361, and the Fifth and Fourteenth Amendment's Due Process Clause, for lack of subject matter jurisdiction pursuant to Immigration and Nationality Act ("INA") § 242(g), 8 U.S.C. § 1252(g).  In his complaint, Wallace challenged the defendants' allegedly wrongful failure to issue him a notice to appear ("NTA") on the ground that this inaction deprived him of his only procedural opportunity to renew his previously denied application for adjustment of status.  On appeal, Wallace argues that the district court erred by concluding that § 1252(g) deprived it of subject matter jurisdiction to hear his claims.  Specifically, he contends that § 1252(g)'s plain language and the Supreme Court's interpretation of that statutory provision indicate that it applies only to a government's affirmative decision to commence removal proceedings, not the inverse decision not to commence such proceedings. Moreover, Wallace asserts that he has an enforceable legal right to be placed in removal proceedings in order to renew his adjustment-of-status application under 8 C.F.R. § 245.2(a)(5)(ii), and that the district court in its order erroneously failed to address the merits of his due-process claims.

We have jurisdiction over appeals from all final orders of the district courts within our geographic bounds.  28 U.S.C. § 1291.  We review a district court's

2

determination of its subject matter jurisdiction *de novo*.  Sweet Pea Marine, Ltd. v.

APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005).

The Federal Rules of Civil Procedure require the dismissal of a claim if a

court lacks subject matter jurisdiction over it.  Fed.R.Civ.P. 12(b)(1), (h)(3).  The

party bringing the underlying claim bears the burden of establishing federal subject

matter jurisdiction.  Sweet Pea Marine, Ltd., 411 F.3d at 1247 (examining diversity

jurisdiction under 28 U.S.C. § 1332).

The Mandamus Act, which provides a private cause of action for parties

related to certain governmental agents and entities' failure to perform prescribed

duties, states, in pertinent part:

> The district courts shall have original jurisdiction of any action in the
> nature of mandamus to compel an officer or employee of the United
> States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.  The APA's provisions concerning the extent of its applicability

vis-à-vis other laws state, in pertinent part, that:

> (a) This chapter applies, according to the provisions thereof, except to
> the extent that--
>     (1) statutes preclude judicial review; or
>     (2) agency action is committed to agency discretion by law.

5 U.S.C. § 701(a).

Section 1252(g) of Title 8 of the U.S. Code pertaining to federal courts'

subject matter jurisdiction to hear certain immigration claims provides that:

3

> Except as provided in this section and notwithstanding any other provision of law (statutory or non-statutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

INA § 242(g), 8 U.S.C. § 1252(g).  Section 245.2 of Title 8 of the Code of Federal Regulations pertaining to applications for adjustment of status provides, in pertinent part, that:

> No appeal lies from the denial of an application by the director, but the applicant, if not an arriving alien, retains the right to renew his or her application in proceedings under 8 CFR part 240. . . . Nothing in this section shall entitle an alien to proceedings under [INA § 240] who is not otherwise so entitled.

8 C.F.R. § 245.2(a)(5)(ii).  Certain kinds of immigration cases require the issuance of a NTA.  See, e.g., 8 C.F.R. § 216.3(a) (concerning termination of conditional resident status); id. § 207.9 (concerning termination of refugee status).  Cases involving adjustment-of-status applications, however, do not require such issuance. *See* INA § 245, 8 U.S.C. § 1255; 8 C.F.R. § 245.2.

In Reno v. American-Arab Anti-Discrimination Comm. ("AADC"), 525 U.S. 471, 472-73, 119 S.Ct. 936, 938, 142 L.Ed.2d 940 (1999), the Supreme Court considered whether § 1252(g) deprived a district court of jurisdiction to consider aliens' challenge to the initiation of removal proceedings against them on the basis that the immigration agency had discriminatorily initiated such

4

proceedings in a selective manner based on their political affiliations.  The Court

held that § 1252(g) is not to be construed broadly as a "zipper" clause applying to

the full universe of deportation-related claims, but instead as applying narrowly to

only the three "discrete" governmental actions enumerated in that subsection.  Id.

at 482, 119 S.Ct. at 943.  The Court observed that § 1252(g)'s enumerated discrete

acts—commencing proceedings, adjudicating cases, and executing removal

orders—were those that the government had been engaging in as regular practice

and for which it had the discretion to abandon its endeavors on such grounds as

humanitarianism and its own convenience.  Id. at 483-84, 119 S.Ct. at 943.

The Court noted that the legislative intent underlying § 1252(g) was to streamline

immigration proceedings by insulating from judicial review certain governmental

decisions that were the product of prosecutorial discretion.  Id. at 485-87, 119 S.Ct.

at 944-45.  In particular, it observed that § 1252(g) was a "discretion-protecting

provision" that applied even to pending cases, as it was specifically directed at

ameliorating "the deconstruction, fragmentation, and hence prolongation" of

pre-existing removal proceedings.  Id. at 487, 119 S.Ct. at 945.

In Gupta v. McGahey, 709 F.3d 1062, 1063-64 (11th Cir. 2013), we

considered whether a district court lacked jurisdiction under § 1252(g) to consider

an alien's challenge under Bivens v. Six Unknown Named Agents, 403 U.S. 388,

91 S.Ct. 1999 (1971), to the constitutionality of his arrest and detention by

5

immigration agents, and the agents' search and seizure of his personal property, related to the initiation of removal proceedings against him.  We concluded that the district court lacked subject matter jurisdiction under § 1252(g) to consider those claims, as they pertained to actions taken to secure him and prevent the perceived threat that he posed pending a final removal determination.  Id. at 1065.  As such, we determined that Gupta's challenge to the governmental actions at issue necessarily qualified as a claim "arising from" a "decision . . . to commence proceedings" under § 1252(g), and affirmed the district court's dismissal for lack of jurisdiction.  Id. at 1065-66.

In De La Teja v. United States, 321 F.3d 1357, 1359 (11th Cir. 2003), we considered whether a district court lacked jurisdiction under § 1252(g) to consider an alien's habeas corpus challenge under 28 U.S.C. § 2241 to the immigration agency's initiation of removal proceedings against him on the basis that his removal would violate a prior vacated judicial removal order.  We concluded that the district court lacked jurisdiction under § 1252(g) to consider that claim, as it challenged the agency's "decision" to "commence proceedings" pursuant to *AADC*.  Id. at 1365.

Here, the district court did not err by dismissing Wallace's complaint for lack of subject matter jurisdiction.  Wallace's asserted claims were jurisdictionally barred under § 1252(g), based on that statutory provision's plain language, its

6

interpretation by the Supreme Court and our sister circuits, and this Court's application of § 1252(g) to bar analogous challenges to the government's initiation of removal proceedings.  See AADC, 525 U.S. at 484-85, 119 S.Ct. at 944 (After referring to the "commendable exercise in administrative discretion" known as "deferred action"  -- meaning that for humanitarian reasons no action will be taken to proceed against an apparently deportable alien – the Court held:  "Section 1252(g) seems clearly designed to give some measure of protection to 'no deferred action' decisions and similar discretionary determinations, providing that if they are reviewable at all, they at least will not be made the basis for separate rounds of judicial intervention outside the streamlined process that Congress has designed."). See also Alvidres-Reyes v. Reno, 180 F.3d 199, 204-06 (5th Cir. 1999) (construing Section 1252(g) and the Supreme Court's decision in AADC as authority for its holding that "federal courts lack jurisdiction to hear plaintiffs-aliens' challenge to the Attorney General's decision to decline to commence [deportation] proceedings").  Accord, Chapinski v. Ziglar, 278 F.3d 718, 720-21.

**AFFIRMED.**